PUBLISHED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL WILLIAM LENZ**, | ) |
| | ) |
| Petitioner, | ) Case No. 7:04CV00347 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **WILLIAM PAGE TRUE,** | ) By: James P. Jones |
| **WARDEN, SUSSEX I STATE** | ) Chief United States District Judge |
| **PRISON**, | ) |
| | ) |
| Respondent. | ) |

*Jennifer L. Givens, Virginia Capital Representation Resource Center, Charlottesville, Virginia, and James C. Turk, Jr., Stone Harrison & Turk, P.C., Radford, Virginia, for Petitioner; Paul C. Galanides, Assistant Attorney General of Virginia, Richmond, Virginia, for Respondent.*

Petitioner Michael William Lenz has moved for reconsideration of the court's order of May 20, 2005, denying his petition for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254 (West 1994 & Supp. 2004). For the reasons stated in this opinion, the petitioner's Motion to Alter or Amend the Court's Order will be denied.

Lenz challenges the court's application of the procedural default doctrine to his fifth habeas claim, in which he asserts he was denied his right to counsel when the trial court refused to order his transfer to a location where he could have reasonable access to his attorneys. This court held that "[t]he Supreme Court of Virginia's

application of the *Slayton* procedural default rule provides an adequate and independent state law ground upon which to deny relief." *Lenz v. True*, ___ F. Supp. 2d ___, 2005 WL 1189366 *6 (W.D. Va. May 20, 2005).

First, Lenz argues that the court erred by accepting the Supreme Court of Virginia's application of *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974), to his claim. He asserts that *Slayton* does not provide an adequate and independent state law ground upon which to deny relief because the State court has not consistently applied it to ineffective assistance of counsel claims. *See Brown v. Lee*, 319 F.3d 162, 170 (4th Cir. 2003) (explaining that state procedural default rules will not bar federal habeas review when the State has not "regularly and consistently applied" them "to a particular type of federal constitutional claim"). Lenz's argument presupposes that he did, in fact, present Claim V at his state habeas proceeding as an ineffective assistance of counsel claim. However, the Supreme Court of Virginia explicitly found that he had not raised an ineffective assistance of counsel claim, but had instead asserted that he had been constructively denied his right to counsel at a critical stage of the proceedings, a so-called *Cronic* claim.[1] *See Lenz v. Warden*, 579

---

[1] *United States v. Cronic*, 466 U.S. 648 (1984). A *Cronic* claim is one "in which because of some special circumstance, including complete denial of counsel, a defendant need not show prejudice . . . from a *Strickland* claim." *James v. Harrison*, 389 F.3d 450, 455-56 (4th Cir. 2004) (referring to *Strickland v. Washington*, 466 U.S. 668 (1984)).

-2-

S.E.2d 194, 198 (Va. 2003). Therefore, the State court applied the *Slayton* bar to a right to counsel claim about which the facts were known at the time of trial, not to an ineffective assistance of counsel claim.

Second, Lenz argues that the court erred by accepting the Supreme Court of Virginia's classification of his habeas claim as one asserting the right to counsel, rather than one of ineffective assistance of counsel. I have reviewed the state court's determination once more and again conclude that it is correct. Moreover, I reject Lenz's assertion that "the state court invented a non-existent difference" between his direct and habeas appeal claims "solely for the purpose of defaulting th[e latter] claim." (Mot. at 5.) Although the right to the effective assistance of counsel and the right to counsel are related, there are important differences between the two. That is why ineffective assistance of counsel claims may not be raised on direct appeal, *Johnson v. Commonwealth*, 529 S.E.2d 769, 781 (Va. 2000), but claims regarding the right to counsel are not subject to any such bar.

I find that none of the circumstances justifying a motion to alter or amend a court's judgment are present in this case. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).[2]

---

[2] Lenz has also requested that the court reopen its judgment and conduct an evidentiary hearing pursuant to Federal Rule of Civil Procedure 59(a) "to resolve the factual disputes presented in this Motion . . . [and] in the pleadings previously filed." (Mot. at 6.)

-3-

For the foregoing reasons, it is **ORDERED** that the petitioner's Motion to Alter or Amend the Court's Order is DENIED.

> ENTER: June 15, 2005
>
> /s/ JAMES P. JONES
> Chief United States District Judge

---

The court has before it information adequate for the determination of this Motion and the petitioner's request is denied.

-4-